

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 13, 1974

The Honorable Clayton T. Garrison     Opinion No. H- 228
Texas Parks & Wildlife Department
John H. Reagan Building                Re:     Authority of deputy game
Austin, Texas 78701                            wardens

Dear Mr. Garrison:

You have asked three questions involving the interpretation of
Article 978f-5f, Vernon's Texas Penal Code Auxiliary Laws, which
provides:

> "Section 1.  The Executive Director of the
> Parks and Wildlife Department may commission
> deputy game wardens to serve at the will of the
> Executive Director.  The Parks and Wildlife
> Commission is authorized to promulgate all
> necessary rules and regulations to govern the
> qualifications, conduct and duties of such wardens
> when commissioned.

> "Sec. 2.  A person commissioned under the
> provisions of Section 1 of this Act is authorized to
> enforce the laws of this state relating to hunting
> and fishing, and to the preservation and conservation
> of wildlife and marine animals.  The Parks and
> Wildlife Department shall prescribe the geographical
> area in which a deputy game warden shall operate.

> "Sec. 3.  Prior to entry upon duty and
> simultaneously with his appointment, a deputy
> game warden shall file an oath and bond in the
> amount of Two Thousand Dollars ($2,000) payable
> to the Parks and Wildlife Department.

> "Sec. 4. Such deputy game wardens when commissioned, shall serve without compensation from the State of Texas, but the Parks and Wildlife Department is authorized to expend whatever funds necessary to support and maintain this responsibility."

Your first question is:

> "Does a Deputy Game Warden commissioned by authority of Article 978f-5f Vernon's Texas Penal Code have authority to make an arrest without a warrant and carry a sidearm (handgun) while performing his assigned law enforcement duties?"

Section 46.03, Vernon's Texas Penal Code, indicates that a handgun may be carried lawfully by a person

> "(1) in the actual discharge of his official duties as a peace officer, a member of the armed forces or national guard, or a guard employed by a penal institution;
>
> "(2) on his own premises or premises under his control;
>
> "(3) traveling; or
>
> "(4) engaging in lawful hunting or fishing or other lawful sporting activity."

A deputy game warden may carry a handgun under enumerations (2), (3) and (4) of § 46.03 without regard to any official status he may have by virtue of his commission. Attorney General Opinion H-185 (1973). However, appointment as a deputy game warden permits a person to carry a handgun only if a deputy game warden is a peace officer. Article 2.12, Vernon's Texas Code of Criminal Procedure, lists as peace officers:

"(1) sheriffs and their deputies;

"(2) constables and deputy constables;

". . . .

"(8) any private person specially appointed to execute criminal process;

". . . .

"(11) game management officers commissioned by the Parks and Wildlife Commission; . . ..."

The only authority of the Parks and Wildlife Commission to commission its personnel, whether "game wardens" or "game management officers," as peace officers and the authority of those so commissioned are set out in Article 978f-5c, Vernon's Texas Penal Code Auxiliary Laws:

"The Executive Director of the Parks and Wildlife Department, in order to insure the adequate enforcement of all laws in state parks and in state historical sites under the jurisdiction of the Parks and Wildlife Department, is authorized to commission as peace officers any of the employees provided for under the General Appropriation Bill; and when so commissioned, said employees are vested with all of the powers, privileges, and immunities of peace officers while on state parks or on state historical sites or in fresh pursuit of those violating the law in such state parks or state historical sites. (Emphasis added)

Since Article 978f-5f, supra, specifies that the deputy game wardens which the Executive Director may commission "shall serve without compensation from the State of Texas," it is apparent that they are not "employees provided for under the General Appropriations Bill" as required by Article

978f-5c, supra, and may not be commissioned as peace officers. For the same reasons, we do not believe they can be considered peace officers under Article 2.12, Vernon's Texas Code of Criminal Procedure, except when they are specially appointed to execute criminal process. See Attorney General Opinion H-167 (1973). Our view is supported by the Legislature's failure to list deputy game wardens in its definition of "peace officer" as it listed deputy sheriffs and deputy constables.

Our view is further supported by the Legislature's amendment of the bill which later became Article 978f-5f. The bill, as introduced, spoke of commissioning persons as peace officers, while the amendments omitted every one of several provisions of the bill specifically designating deputy game wardens as peace officers. See House Journal, 63rd Leg., R.S., p. 829 (Feb. 27, 1973), Ibid, at pp. 3337-8 (May 10, 1973); Senate Journal, 63rd Leg., R.S., pp. 1025-7 (May 8, 1973); also see the copy of the bill as introduced on file in the Legislative Reference Library. Therefore, it is our opinion that deputy game wardens are not peace officers and are not authorized to carry handguns by virtue of their commissions.

Deputy game wardens are authorized "to enforce the laws of this State relating to hunting and fishing, and to the preservation and conservation of wildlife and marine animals." The Executive Director of the Parks and Wildlife Department has similar duties, Article 906, Vernon's Texas Penal Code Auxiliary Laws, and to the extent that deputy game wardens are charged with assisting the Executive Director in fulfilling his responsibility to enforce the game laws, they are his deputies. As such their power to make arrests is set out in Article 905, Vernon's Texas Penal Code Auxiliary Laws, which provides in part that:

> "[The Executive Director] or any of his deputies may arrest without a warrant any person found by them in the act of violating any of the laws for the protection and propagation of game, wild birds or fish, and take such person forthwith before a magistrate having jurisdiction. Such arrests may be made on Sunday, and in which case the person arrested shall be taken before a magistrate having jurisdiction, and proceeded against as soon as may be, on a week day following the arrest."

Therefore our answer to your first question is that a deputy game warden may make an arrest without a warrant if he discovers a person in the act of violating a game law, but that his commission does not authorize him to carry a handgun. See also Article 914, Vernon's Texas Penal Code Auxiliary Laws.

Your second question is:

"Can a Deputy Game Warden commissioned by authority of Article 978f-5f, Vernon's Texas Penal Code [Auxiliary Laws] be certified as a reserve officer by the Commission on Law Enforcement Standards and Education after completing the educational requirements specified by Article 4413(29aa) Vernon's Texas Civil Statutes?"

Article 4413(29aa), § 2A, V. T. C. S., gives the Commission on Law Enforcement Officer Standards and Education the responsibility of establishing minimum standards for reserve law enforcement officers. The same Legislature which enacted § 2A of Article 4413(29aa) established three types of reserve officers. They are reserve policemen of cities, towns or villages (Article 998a, V. T. C. S.); reserve deputy sheriffs and reserve deputy constables (Article 6869.1, V. T. C. S.). We have found nothing in Article 978f-5f or any other statute to indicate that deputy game wardens are reserve law enforcement officers. Therefore, it is our conclusion that deputy game wardens do not qualify for certification as reserve officers.

Your third question is:

"Is a Deputy Game Warden commissioned by authority of Article 978f-5f Vernon's Texas Penal Code authorized to sign and file a trespass complaint for a violation of Article 1377b Vernon's Texas Penal Code if he is the landowner's authorized agent?"

Article 1377b of the former penal code has been repealed. To the extent that the provisions of that Article are retained in the new Penal Code, they are found in § 30.05, which provides in part:

"(a) A person commits an offense if he enters
or remains on property or in a building of another
without effective consent and he:

"(1) had notice that the entry was forbid-
den; or

"(2) received notice to depart but failed
to do so."

Article 1377b was much more specific and applied only to entry on enclosed
lands for the purpose of hunting, fishing or camping. Section 4 specifically
gave game wardens the authority to arrest violators of the Article. The
predecessor statute to Article 1377b, Article 1377, did not contain specific
provisions granting enforcement authority to game wardens. This office
has held that that statute was a law to protect landowners rather than a
game law and that game wardens had no authority to arrest a violator of
the statute. Attorney General Opinion O-6936 (1946). As the specific grant
of enforcement authority contained in Article 1377b has been repealed, we
can find no authority for a deputy game warden to enforce the provisions
of § 30.05, Vernon's Texas Penal Code, other than those he enjoys as a
private citizen. However, as a private citizen, he is authorized to sign
and file a complaint, Article 15.05, Vernon's Texas Code of Criminal Pro-
cedure.

## SUMMARY

A deputy game warden commissioned under
Article 978f-5f, V. T. P. C. Auxiliary Laws, is autho-
rized to arrest, without warrant, violators of the
game laws, but his commission provides him no
authority to carry a handgun. Deputy wardens are
not entitled to be certified as reserve law enforcement
officers and enjoy no authority, other than that of a
private citizen, to enforce the criminal trespass laws.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee